# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 14-538V
**Filed: December 22, 2015**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
JAMES HARRISON COCKRELL, JR,      \*
     \*
      Petitioner,      \*
     \*
v.      \*
     \*
SECRETARY OF HEALTH      \*
AND HUMAN SERVICES,      \*
     \*
      Respondent.      \*
     \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

UNPUBLISHED

Special Master Gowen

Joint Stipulation on
Attorneys' Fees and Costs.

Milton Clay Ragsdale, IV, Ragsdale LLC, Birmingham, AL, for petitioner.
Linda S. Renzi, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 24, 2014, James Harrison Cockrell, Jr. ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that as a result of receiving an influenza ("flu") vaccine on January 7, 2013, he developed Guillain-Barré Syndrome and Chronic Inflammatory Demyelinating Polyneuropathy. Petition at Preamble. On September 17, 2015, the parties filed a stipulation in which they agreed to an award of compensation to petitioner. On September 18, 2015, the undersigned issued a Decision adopting the parties' stipulation for an award. See Decision on J. Stip., filed Sept. 18,

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

2015.

On December 22, 2015, the parties filed a stipulation concerning attorneys' fees and costs. Petitioner requests a total award of attorneys' fees and costs in the amount of $41,500.00. Stip. for Fees and Costs ¶ 3. Respondent does not object. Id. In accordance with General Order #9, petitioner represents that he did not incur any reimbursable costs in pursuit of this claim. Id. at ¶ 4.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of the parties' stipulation, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

(1) in the form of a check jointly payable to petitioner and to petitioner's attorney, Milton Clay Ragsdale, IV of Ragsdale LLC, in the amount of $41,500.00.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.